**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**SEAN LEE**,

    Plaintiff,

    v.                                        Case No. 2:25-cv-02544-BCL-tmp

**UNITED ACCESS LLC and STERLING
INFOSYSTEMS, INC.**,

    Defendants.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation, entered April 20, 2026. Doc. 60. The Report recommends that Plaintiff's Motion for Partial Summary Judgment (Doc. 42) be denied. Plaintiff filed objections to the Chief Magistrate Judge's recommendation. Doc. 63. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections (Doc. 63) and **ADOPTS** the Report and Recommendation. Doc. 60. Therefore, Plaintiff's Motion for Partial Summary Judgment is **DENIED**. Doc. 42.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For non-dispositive orders, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters,

"[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

## **ANALYSIS**

Plaintiff timely filed objections to the report on April 27, 2026, within the fourteen-day time period. Doc. 63. The Court has reviewed the Report and the entire record in this matter and finds no error in the Chief Magistrate Judge's analysis or conclusions.

At the time Plaintiff filed his Motion for Partial Summary Judgment (Doc. 42) on December 22, 2025, the operative complaint was Plaintiff's Second Amended Complaint (Doc. 21), Defendants had not yet answered, and discovery had not yet occurred.  On April 20, 2026, Chief Magistrate Judge Pham recommended denial of Plaintiff's Motion as premature for three independent reasons: At the time it was filed, (1) Plaintiff had not yet been granted leave to file the Third Amended Complaint, (2) Defendants had not yet filed an answer, and (3) discovery had not yet begun. Doc. 60 at 3.

Plaintiff has raised four objections, each of which is **OVERRULED**.

*First*, Plaintiff argues that his Motion was not moot because its arguments remain applicable to the now-operative third amended complaint. Doc. 63 at 1. Even if that is true, there is neither error nor prejudice in Chief Magistrate Judge Pham's maintenance of a clean, legible docket where the filings are oriented toward the operative complaint. Assuming there is no

2

independent bar, Plaintiff may refile his motion for summary judgment now that there is a new operative complaint.

*Second*, Plaintiff argues that his Motion was not actually premature due to lack of discovery because discovery will not change the result. Doc. 63 at 2. Plaintiff provides neither citations nor the sort of discussion that would build this argument out sufficiently for assessment. Plaintiff's own assurances that liability is unavoidable cannot suffice to override the usual litigation process, including the discovery so essential to developing the record and assessing the parties' claims and defenses. Again, assuming no independent bar, Plaintiff remains free to refile his Motion after time has been allowed for discovery.

*Third*, Plaintiff argues that Defendant did not conform to the procedural requirements for postponing summary judgment under Federal Rule of Civil Procedure 56(d). Doc. 63 at 3. But Plaintiff cites no authority supporting the requirements he would impose on a Rule 56(d) affidavit, which do not appear in the text of Rule 56(d) itself.

*Fourth*, Plaintiff argues that the circumstances have now meaningfully changed because Defendants have "responded to Plaintiff's claims" such that the Motion should not be denied for lack of an answer. Doc. 63 at 4. Again, Plaintiff cites no support for his argument, which is properly rejected for that reason alone. In any event, there is still no answer and affirmative defenses, so Plaintiff is simply talking past the Chief Magistrate Judge's conclusion. Moreover, briefing on the Motion occurred before Defendants responded to Plaintiff's complaint at all, underscoring the prejudice that would result from ruling on that Motion now. As noted, Plaintiff may refile his motion keyed to the operative complaint once Defendants have answered (assuming no independent bar, like lack of discovery, which the Court does not prejudge).

In sum, Plaintiff has failed to point to error in any of Magistrate Judge Pham's reasons for recommending denial, much less all of them as he would need to do to prevail in obtaining rejection of the recommended denial.

## CONCLUSION

Therefore, the Court hereby **ADOPTS** the Report and Recommendation (Doc. 60). Plaintiff's Motion for Partial Summary Judgment (Doc. 42) is **DENIED.**

**IT IS SO ORDERED**, this 22nd day of May, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE